# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

STEVEN B. TRAINER,      :
                     :
       Plaintiff,     :
                     :
    v.            :     CIVIL ACTION NO.
                     :     1:07-CV-1227-JOF
MILTON NIX, et al.,    :
                     :
       Defendants.   :

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for an extension of time to complete discovery [64]; and Plaintiff's motions to compel [68, 69, 71, 76 and 78].

**Background of Plaintiff's Complaint and Allegations**

Plaintiff, Steven B. Trainer, filed the instant § 1983 action against Defendants, Milton Nix, Garland Hunt, Ralph Battle, Garfield Hammonds, L. Gale Buckner, Robert Keller, Samuel Smith, Steve Baustin, Walt Davis, Thurmond Henderson, Tracy Masters, and LaQuandra Smith, on May 25, 2007, challenging the constitutionality of the Georgia State Board of Pardons and Paroles' decision to deny him parole. In an order dated December 4, 2007, the court set forth in great detail the allegations raised by Plaintiff in his complaint. In summary, Plaintiff alleges that he was convicted on August 5, 1994, in the Superior Court of DeKalb County of two counts of robbery, one count of battery, one count of theft by

receiving, and one count of violating the Georgia Controlled Substances Act. Plaintiff states that he received two twenty-year concurrent sentences for the robbery convictions, a twelve-month sentence for the battery conviction to run concurrently with the robbery sentences, a ten-year sentence for the theft by receiving conviction to run consecutively to the robbery sentences, and a ten-year sentence for the controlled substances conviction to run concurrently with the theft by receiving sentence, but to be served consecutively to the robbery sentences. Thus, Plaintiff's sentences totaled thirty (30) years. Plaintiff states that these crimes occurred between December 13, 1993 and February 7, 1994. On January 20, 1995, the Board set Plaintiff's initial benchmark date of eligibility for parole at February 2001.

On October 24, 1995, Plaintiff pled guilty to two counts of robbery and one additional count of robbery in the Superior Court of Gwinnett County. He received a ten-year sentence for each robbery count to be served concurrently with one another, but consecutively to his previous sentence in DeKalb County. After these two convictions, Plaintiff had a forty-year sentence.

On May 1, 1996, the Superior Court of DeKalb County vacated Plaintiff's two robbery convictions and sentences and ordered a new trial. Later, the court dismissed some of the charges resulting in a ten-year sentence for the DeKalb County convictions and an additional ten-year sentence for the Gwinnett County charges. On July 10, 1996, the Board

informed Plaintiff that his tentative parole date was December 2004 because "the circumstances of your crime(s) calls for more time in prison than recommended by the guidelines system." Plaintiff appealed this date and was told by Defendant Baustin, a Board hearing examiner, that this was a lawful discretionary departure by the Board.

On October 27, 1999, the Superior Court of Gwinnett County ruled that Plaintiff's ten-year sentence should be credited with twenty months he had served in pretrial confinement prior to October 24, 1995.

Plaintiff next avers that in February 2004, he was seriously injured while performing his work detail assignment and that he has been unable to do further work since then, and he and his family have made numerous grievances about lack of medical treatment.

Plaintiff contends that the Board has not adjusted his Tentative Parole Month despite these changes in his convictions and sentencing. He alleges that this violates the Equal Protection Clause because he knows of other inmates who have had their Tentative Parole Month adjusted under the same circumstances. Plaintiff, in particular, identifies Gary Dean Jarrett, Sr., who he states had his parole month advanced after he was awarded credit for time served in pretrial detention.

Plaintiff also avers that Defendants have ordered him to complete a drug treatment program and participate in work-release, but that he has already done a drug program and no one is assisting him in locating a work-release program.

AO 72A
(Rev.8/82)

Finally, Plaintiff contends that officials at Autry State Prison threatened to retaliate against him and have the Board push back his tentative parole month if he made further complaints about his lack of medical treatment. When Plaintiff refused to drop his grievances, a series of disciplinary actions was taken against him which prevented him from being placed in a work release program. The Board was informed of the disciplinary action but was not told that Plaintiff successfully challenged those actions. Subsequently, Plaintiff learned that his Tentative Parole Month had been moved to February 2009. Plaintiff also argues that the Board has been using improper information from his previous convictions in its consideration of his parole release.

Plaintiff filed a mandamus action in the Superior Court of Fulton County challenging the Board's decisions on the basis of improper information from his previous convictions. The Board agreed to reconsider his parole, but Plaintiff alleges they reached the decision based on the same inaccurate and improper information to reach the same Tentative Parole Month.

In its December 4, 2007 order, the court allowed Plaintiff's Due Process claim to proceed because Plaintiff alleged that the Board knowingly relied on false information in Plaintiff's parole file. Although questioning the basis for his claim, the court also allowed Plaintiff's Equal Protection and First Amendment claims to proceed on the same false information grounds and on the basis of retaliation for his family's grievances. Finally,

Plaintiff's Ex Post Facto Clause claim moved forward on the allegation that the Board applied new rules and policies regarding Plaintiff's eligibility for parole.

**General Discovery Information**

During the discovery period, Plaintiff served the following discovery requests on Defendants:

• Request for Production of Documents to Defendant Nix

• First Interrogatories on all Defendants

• First Request for Production of Documents to Defendant Smith

• Second Request for Production of Documents to Defendant Master

• Second Request for Production of Documents to Defendants Baustin, Smith, Davis, and Henderson

• First Question for Admissions on all Defendants

• Second Request for Production of Documents to Defendant Hunt

• Second Request for Production of Documents to Defendant Nix

• Second Request for Production of Documents to Defendant Hammonds

• First Request for Production of Documents to Defendant Battle.

Defendants responded to these discovery requests by producing 435 pages of documents, including:

• Parole Consideration History

5

- Offender Movement Detail

- Disciplinary History of Steven Trainer

- Trainer Grievance 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

- Trainer Grievance 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

- Trainer Grievance 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

- Trainer Grievance 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

- Trainer Grievance 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

- Trainer Grievance 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

- Performance Management Forms on Walt Davis, Samuel Smith, Thurmond Henderson, LaQuandra Smith, Tracy Masters

- Trainer Sentence Computation Form, 3/6/2000

- Trainer Sentence Computation Form, 7/15/1996

- Parole Decisions and Guidelines Manual, including Parole Considerations and Eligibility, Crime Security Levels, Parole Success Scores, Risk to Re-Offend Score Chart, Parole Decisions Guidelines Grid, and Time to Serve Grid

- Rules of State Board of Pardons and Parole, including Administrative History, Parole Considerations, Parole Considerations Amended, and Time Served Requirements for Parole Consideration

- Average Sentence Length of Crime, 1999 through 2007

- Release Type by Crime, 1999 through 2007

- Memorandums to Board from David Humphries (Guidelines Director) dated 10/01/1996, 08/01/1996, 08/11/1999 and 07/16/2006

- News Release, Parole Board Adopts New Agency Policy

- Memorandums to Board from David Humphries dated 08/01/1996, 12/23/1997, 07/25/2000, 07/28/2000, 01/19/2000, and 06/04/2001

- Resolution Amendment adopting amended parole decision guidelines dated 09/09/2002 and 06/30/2004

- Memorandum to Board from David Humphries dated 04/13/2003

- Memorandums to Board from David Humphries dated 01/05/2002, 11/25/2005, 03/02/2005, 03/01/2005, 02/25/2005, 06/15/2006, 06/16/2006 and 08/28/2007

- Parole Decision Guidelines – Notice of Action

- Transitional Placement Center

- Information Grid, Georgia State Board of Pardons and Parole

- Post Sentence Investigation

- Trainer Parole Consideration History

- Trainer – Inmate Query GDC

- Corrected copy of letter – tentative parole date dated 02/15/2006

- DeKalb County order granting new trial

- DeKalb County Order nolle prosequi of Ct. 1 and 2 for Robbery

- Court of Appeals affirmation of conviction dated 01/19/1996

- Release to Parole 1993-2007

- Georgia Parolees by Crime Type

- Georgia Parolees by Race and Gender

- Unclassified documents from Trainer's Pardons and Paroles File

Defendants also informed Plaintiff that the following categories of documents contained in his parole file were located but ***not*** produced pursuant to the "confidential state secrets" provision of O.C.G.A. § 42-9-53:

- documents received from or recording communication with those opposed to clemency for Trainer

- documents prepared by the Board's central office staff to assist members of the Board in voting whether and when to grant parole to Trainer; ballots cast by past and present members of the Parole Board voting to deny or tentatively grant parole to Trainer at some future date

- documents received from the Department of Corrections that are classified

- NCIC and GCIC reports on Trainer

- investigative reports prepared by various parole officers regarding Trainer

8

During the course of discovery, Plaintiff filed five motions to compel against various Defendants. These motions are often repetitive because Plaintiff seeks the same information concerning his parole file from different Defendants. Although the court will address each motion separately, the vast majority of Plaintiff's motions relate to documents withheld by Defendants on the basis of Georgia's "confidential state secret" statute. The court addresses that statute first in an effort to streamline its consideration of Plaintiff's motions.

Georgia law provides:

> [a]ll information, both oral and written, received by the members of the board in the performance of their duties under this chapter and all records, papers, and documents coming into their possession by reason of the performance of their duties under this chapter shall be classified as confidential state secrets until declassified by a resolution of the board passed at a duly constituted session of the board.

> No person shall divulge or cause to be divulged in any manner any confidential state secret. Any person violating this Code section or any person who causes or procures a violation of this Code section or conspires to violate this Code section shall be guilty of a misdemeanor.

O.C.G.A. § 42-9-53(b) & (c). In a criminal case context, the Supreme Court of Georgia has noted:

> Records in the possession of the State Boards of Pardons and Paroles are confidential. O.C.G.A. § 42-9-53. However, we have recognized that, in limited circumstances, the non-disclosure provisions of O.C.G.A. § 42-9-53 must give way to the defendant's right of access to potentially mitigating evidence. Thus, we have held that, on request, a trial court should review the defendant's parole file in camera, and disclose potentially mitigating evidence to the defendant that he does not otherwise have ready access to.

9

*Stripling v. State*, 261 Ga. 1 (1991) (citations omitted).

The United States Court of Appeals for the Eleventh Circuit considered this statute in the § 1983 context in *Porter v. Ray*, 461 F.3d 1315 (11th Cir. 2006), where current and former state prisoners sued current and former members of the Georgia Board of Pardons and Paroles alleging the Board retroactively applied a secret parole policy that extended their sentences beyond what they likely would have served under the guidelines applicable at the time they committed their offenses. The district court had denied the plaintiffs' motion for *in camera* review and for discovery of confidential parole board documents.

On appeal, the Court of Appeals agreed that the documents sought were "confidential state secrets" under Georgia law but recognized that "courts must not blindly accept the Board's contention that the parole records are confidential." *Id.* at 1324. The court found, however, that the plaintiffs had not demonstrated how the documents they requested would help them demonstrate that the Board applied a de facto ninety percent policy. Therefore, the court found the district court had not abused its discretion in denying the plaintiffs' request for an *in camera* review. *Id.*; *see also McGoy v. Ray*, 164 Fed. Appx. 876 (11th Cir. 2006) (where plaintiff filed § 1983 action alleging Board retroactively applied 90% requirement, court found district court did not abuse its discretion in refusing to grant Rule 56(f) continuance on motion for summary judgment in order to conduct *in camera* review of plaintiff's parole file because plaintiff had not explained how such review would help

prove his allegations, and court, in balancing plaintiff's need for records against Georgia's interest in confidential state secrets, determined that plaintiff would need to meet high level of burden to demonstrate relevance of such records).

Numerous of Plaintiff's discovery requests, particularly those served on Defendants who are staff of the Board, are directly covered by § 42-9-53(b). The Board, however, has noted that it would permit the court to review the confidential documents *in camera*. Due to the nature of Plaintiff's claims – that is, false information or information regarding his grievances was improperly used during his parole consideration – the court finds that Defendants should produce a privilege log concerning the documents withheld pursuant to O.C.G.A. § 42-9-53(b). Plaintiff may then indicate which documents he believes are relevant to his claims and the court will review those documents.

The court notes that any *in camera* review it conducts of documents in Plaintiff's parole file will focus on Plaintiff's contentions that (1) the Board did not have access to or consider (a) the vacation of several of Plaintiff's DeKalb County robbery convictions and resulting reduction in sentence as of May 1, 1996, and (b) the October 27, 1999 crediting by Gwinnett County of twenty months to Plaintiff's state sentence for time served in pretrial detention; (2) the Board received notice that Plaintiff had been subject to numerous disciplinary actions but did not have access to the information that Plaintiff had successfully challenged some of those actions; and (3) the Board considered and retaliated against

11

Plaintiff because of numerous grievances filed by his family concerning his medical treatment.

The court also notes that on numerous occasions, Plaintiff argues that Defendants' responses are untimely because they were filed several days past the thirty-day time limit. The court notes, however, that the time limit is calculated not from the date upon which Plaintiff submitted his requests for mailing to prison authorities, but rather from that date upon which Defendants received the request. Therefore, the court does not find that any of Defendants' responses are untimely.

## Motion to Compel [68]

*Request for Production No. 1.* Plaintiff seeks all documents disclosing facts or information of each defense or each answer denying allegations made by Plaintiff. Defendants did object to this request as being overbroad but contend that the information sought by Plaintiff is contained within the 435 pages of records produced by Defendants. Defendants proffer to the court that each document in that set of 435 pages was attached to the response of each defendant.

Resolution: No further production by Defendants required.

*Request for Production No. 3.* Plaintiff seeks all documents disclosing facts or information relating to Plaintiff's claims or Defendants' claims and defenses. In response to this request, Defendants stated that Plaintiff's file was updated with the credit that

12

Gwinnett County awarded him. This credit changed Plaintiff's maximum release date from February 7, 2014, to June 9, 2012 and his parole eligibility date to October 21, 2000. Defendants also attached to its response Plaintiff's sentence computation summary report of July 15, 1996 and sentence computation summary report of March 6, 2000, as well as the Board's Offender Tracking Information System (OTIS) screen printout with Plaintiff's General File information.

Resolution: No further production by Defendants required.

*Interrogatory No. 1.* Plaintiff asks Defendants to provide a concise detailed explanation of the factual basis for each of its defenses, as well as produce documents which support the defenses. Again, Defendants objected to the burdensome and overbroad nature of Plaintiff's request, but noted that Plaintiff had already received the relevant documents in response to his discovery served on Defendant Tracy Masters prior to the time he served his First Interrogatories.

Resolution: No further production by Defendants required.

AO 72A
(Rev.8/82)

**Motion to Compel [69]**

Plaintiff first contends that Defendants Hunt and Hammond have not responded to Plaintiff's Second Set of Interrogatories. Defendants responded by stating that Hunt and Hammond never received a second set of Interrogatories.

Resolution: Considering that Defendants have responded to the other ten discovery requests propounded on them, the court finds that Defendants Hunt and Hammond did not receive these requests from Plaintiff. Further, the court notes the repetitive nature of Plaintiff's requests to the various Defendants and finds that Plaintiff is not entitled to any additional interrogatory responses from Defendants Hunt and Hammond

Plaintiff asserts deficiencies in Defendants' responses to Plaintiff's First Set of Interrogatories.

*Interrogatory No. 1*. Plaintiff argued this response in the Motion to Compel [68] and the court will not address it separately.

*Interrogatory No. 2*. Plaintiff requested four pieces of information concerning a list of sixteen specific letters, appeals, and petitions submitted in connection with Plaintiff's parole case. Plaintiff's request seeks which action was taken in response to each letter and by whom.

Defendants responded by producing all of the documents from Plaintiff's clemency file that are not protected by the Georgia confidential state secrets statute. Those documents

14

contained communications by those seeking clemency for Plaintiff. The documents also include responses to those communications, if any occurred. Defendants further stated:

> With more than 50,000 inmates in the Georgia prison system, the Board cannot respond to every letter received from inmates and their advocates. Accordingly, the practice of the Board is for a member of its staff to review every communication received from or on behalf of an inmate to determine whether new information is contained therein. Communications that merely repeat what has already been presented to the Board do not receive a response.
>
> Defendants have already provided job descriptions to Plaintiff for those Defendants whose duties are not established by law, who are members of the Parole Board.

*Id.*

> Resolution: No further production by Defendants required.

*Interrogatory No. 3.* Plaintiff asks each Defendant to state the facts, causes, or reasons that triggered the reconsideration of Plaintiff's parole eligibility in May 2004. Plaintiff asks for a description of each act, task, duty and specific performance of each Defendant with regard to three separate sub-acts.

Defendants objected to the question to the extent that it sought to inquire into the recommendation of the Board's staff to the Board members. Defendants then went on to state:

> that when the Board decides to reconsider an inmate for parole, the Board's entire clemency file on the inmate is reviewed by a senior member of the Board's staff, including all communications received from the inmate or by those who advocated his parole. The staff member then prepares a summary of the file and a parole reconsideration ballot for the members to vote on the

15

inmate. The clemency file and the ballot are then circulated among the Board members for their individual votes and the decision of three Board members becomes the decision of the Board.

It is the practice of the Parole Board to make all clemency decisions without regard to litigation by the inmate against the Board's interest. Towards this end, litigation documents involving cases against the Board are not filed in the Board's clemency file. In addition, no mention or reference to present or previous litigation by an inmate against the Parole Board or its staff members is ever included in the Board's clemency file. The Board's Director of Legal Services maintains a separate litigation file for each lawsuit against the Parole Board, its members and staff.

*Id.*

Resolution: No further production by Defendants required.

*Interrogatory No. 5.* Plaintiff asked for a concise and detailed explanation of what facts and circumstances changed between the December 2003 parole decision and the May 2004 parole set-off decision that caused Plaintiff's tentative parole month to move from December 2004 to February 2009.

Defendants responded by saying that any information as to the Board's process and deliberations was protected by the confidential state secret statute. Defendants further stated: "Membership of the Parole Board changes over time. No member of the current Parole Board voted on Plaintiff's case in 1994. Moreover, the philosophy and voting patterns of individual Parole Board members change over time as they gain additional experience and insight." *Id.*

Resolution: No further response is needed.

16

*Interrogatory No. 6.*  Plaintiff sought a concise and detailed explanation for the reason that his tentative parole month was set off for five years as opposed to the ninety-day extension imposed as a disciplinary action by the Georgia Department of Corrections following Plaintiff being issued a disciplinary report.

Defendants objected to the question to the extent that it presumed a cause and effect relationship between a disciplinary report and a decision to deny clemency.  Defendants indicated the Board was authorized to deny clemency for any reason, except an unconstitutional one or from knowingly relying on false information to deny parole. Defendants further stated:

> Those members voting in January and February 2006 tentatively to grant Plaintiff parole in February 2009 did not record a reason for their vote in the Board's clemency file.  One member voting against parole at that time indicated his or her reasons were Plaintiff's past criminal record and the nature and circumstances of his current offense.

*Id.*

Resolution:  No further production by Defendants required.

## Motion to Compel [71]

Plaintiff sent discovery requests to Defendant Tracy Masters and files the instant motion to compel with respect to the following requests:

*Request for Production No. 4.*  Plaintiff seeks the entirety of the State Board of Pardons and Paroles Parole Decision Guidelines System Manual and all amendments thereto

made between January 1, 1993 and January 31, 2008. Plaintiff contends that a different manual was in effect at the time he committed his offenses than when his adverse parole decision was rendered.

Defendant Masters objected to the overbroad nature of Plaintiff's request, and instead produced the Table of Contents of the Manual, as well as the entirety of Section 5.5 relating to Time Computations and Section 5.6 relating to Performance Incentive Credits. Defendants also produced the sections on Parole Considerations and Eligibility, Crime Security Levels, Parole Success Scores, Risk to Re-offend Score Chart, Parole Decisions Guidelines Grid, and Time to Serve Grid.

<u>Resolution:</u> The court notes that Plaintiff has raised an Ex Post Facto Clause claim. He argues that changes in the Parole Decision Guidelines Manual that occurred after his crimes were improperly applied to his situation. For that reason, he seeks any amendments that were made to the Manual since the time he committed his crimes and while he has been considered for parole. It is not clear to the court that Defendants have produced the relevant amendments. Therefore, the court DIRECTS Defendants that for those sections of the Manual produced to Plaintiff, Defendants also produce any amendments to the manual for the time period of January 1, 1993 through January 31, 2008.

Plaintiff sent discovery requests to Defendants Baustin, Samuel Smith, Walt Davis, and Thurmond Henderson and files a motion to compel on the following requests:

18

*Request for Production No. 4.*  Plaintiff seeks from each of the defendants each record and document in Plaintiff's parole file personally prepared by the defendant between August 8, 1993 and January 31, 2008 concerning eight different parole decisions made in Plaintiff's case.

Defendants responded by producing the Letter Notices of the eight decisions and stating that the remainder of the documents requested were protected by Georgia's confidential state secret statute.

Resolution:  No further production by Defendants required at this time.

*Request for Production No. 5.*  Plaintiff seeks each record and document prepared by each of the four Defendants between March 1, 2004 and May 28, 2004 as a result of the March 12, 2004 letter submitted to Defendant Smith from the Georgia Department of Corrections, Autry PTC Unit Manager.  Defendants responded that they had produced all non-confidential documents to Plaintiff.

Resolution:  No further production by Defendants required.

To Defendant Hunt only, Plaintiff requested:

*Request for Production No. 4.*  Plaintiff seeks all records and documents obtained as a result of the legal investigation conducted by the Board into Plaintiff's case and background including documents obtained from DeKalb County or any other previous criminal case, and court records from Gwinnett County.

Defendant responded by saying he had already produced all non-confidential information in response to Plaintiff's previous discovery requests.

Resolution:  No further production by Defendants required.

**Motion to Compel [76]**

Plaintiff directs this motion only at Defendant LaQuandra Smith seeking documents in Requests for Production Nos. 5, 6, and 7.

*Request for Production No. 5.*  Plaintiff seeks all records and documents of the Board that disclose any information which Defendant Smith used and relied upon to support Paragraph 14 in Defendant Smith's affidavit filed in Plaintiff's state court mandamus action. Defendant Smith testified in that affidavit:  "During February 2006, the Board reconsidered Mr. Trainer's case, as it was uncertain whether the Board Members clearly understood that some of his convictions had been overturned.  This was made clear to the Board Members during this reconsideration."

In response, Defendant Smith submitted the letter sent to Plaintiff documenting the Board's reconsideration decision of February 2006 and the court decisions contained in Plaintiff's file showing that a portion of his convictions had been overturned.  Defendant Smith objected to producing any other documents on the basis of Georgia's confidential state secrets statute.

Resolution:  No further production by Defendants required.

*Request for Production No. 6.*  Plaintiff seeks the Board documents created and relied upon during the parole set-off decision in May 2004.  Defendant did not produce any documents, objecting on the basis of the confidential state secret privilege.

<u>Resolution:</u>  No further production by Defendants required.

*Request for Production No. 7.*  Plaintiff seeks the Notice of Parole and Certificate of Parole for each inmate convicted of robbery, armed robbery, and voluntary manslaughter, and were sentenced for ten years or more in prison between the dates of January 1, 1994 and January 31, 2008.

Defendant objected to the response as overbroad and burdensome.  Defendant did produce a list of all inmates convicted of those crimes who were granted parole between 1993 and 2007.

<u>Resolution:</u>  No further production by Defendants required.

## Motion to Compel [78]

Plaintiff submitted his second set of requests for production to Defendant Nix.

*Request for Production No. 5.*  Plaintiff seeks all records and documents created by the Board staff for each of the parole decisions and reconsideration decisions in Plaintiff's case, including Parole Rating Summary sheets, Review Summaries submitted by the Georgia Department of Corrections, Hearing Examiner Work Sheets and Summaries, memos to the Board analyzing case material and making recommendations, each letter of final parole

decisions, and each document created as a result of each appeal and request for reconsideration.

In response, Defendant Nix indicated that all non-confidential documents responsive to Plaintiff's request had already been produced in response to Plaintiff's First Interrogatories No. 2. Defendant Nix further stated he objected to the production of non-confidential documents pursuant to O.C.G.A. § 42-9-53.

Resolution: No further production by Defendant required.

*Request for Production No. 7.* Plaintiff seeks all records and documents which disclose Board rules, regulations, and policies governing work release and referral. Defendant Nix responded by producing to Plaintiff "documents that describe the procedures used by staff in the Clemency Division when a Board Member recommends that an inmate complete the Work Release Program administered by the Georgia Department of Corrections." Defendant produced a document called "Transitional Center Placement" which discusses guidelines for placement.

Resolution: It is not clear to the court that Defendants have produced the totality of the Board's rules, regulations, and policies governing work release and referral. Therefore, the court DIRECTS Defendants to either (1) certify that the Transitional Center Placement document is the only document in the possession of the Board responsive to Plaintiff's

request, or (2) produce the Board rules, regulations, and policies governing work release and referral.

## Summary of Motions to Compel

In most circumstances, the court has determined that Defendants do not need to produce additional material either because the material is covered by the confidential state secrets doctrine or because Defendants have produced the relevant material from Plaintiff's parole file. For example, Plaintiff now has the records that the Board had before it when it made its parole decision. Plaintiff can see which Gwinnett County and DeKalb County records the Board did or did not have and can review the various parole computations made by the Board to support, if possible, his argument that the Board did not have the correct information concerning his sentences when it made the parole decision.

## Motion for an Extension of Time to Complete Discovery

Plaintiff filed the instant motion on May 13, 2008, asking the court to extend discovery by an additional forty days. Plaintiff contends in his motion that he had served numerous discovery requests upon Defendants and that they had not produced the records he sought. Plaintiff avers that he has not been able to file the motions to compel that he wants because he was recently transferred to a facility that does not have a law library.

The court finds that but for the certain instructions given to Defendants in this order, there is no further need for discovery. Therefore, the court DENIES Plaintiff's motion for

AO 72A
(Rev.8/82)

an extension of time to complete discovery [64]. Once the court resolves the issue of the privilege log and the need for any further production of documents from Plaintiff's parole file, the court will set down a schedule for briefing of motions for summary judgment.

**Conclusion**

The court DENIES Plaintiff's motion for an extension of time to complete discovery [64]; and GRANTS IN PART AND DENIES IN PART Plaintiff's motions to compel [68, 69, 71, 76 and 78].

Defendants are DIRECTED within thirty (30) days of the date of this order to produce a privilege log of the documents withheld from Plaintiff's parole file pursuant to O.C.G.A. § 42-9-53(b). Plaintiff has thirty (30) days from his receipt of the privilege log to notify the court and Defendants of which documents he believes are relevant to his discovery requests. Defendants must then submit those documents to the court for an *in camera* review within ten (10) days of receiving Plaintiff's request.

Defendants are further DIRECTED that for those sections of the Parole Decisions Guideline Manual produced to Plaintiff, Defendants also produce any amendments to the manual for the time period of January 1, 1993 through January 31, 2008.

Defendants are further DIRECTED either (1) to certify that the Transitional Center Placement document is the only document in the possession of the Board responsive to

24

Plaintiff's *Request for Production No. 7* to Defendant Nix, or (2) to produce the Board rules,

regulations, and policies governing work release and referral.


**IT IS SO ORDERED** this 19th day of February 2009.


_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)