# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEVEN B. TRAINER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:07-CV-1227-JOF |
| MILTON NIX, et al., | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the court on Defendants' motion for leave to file excess pages [81]; Defendants' motion for summary judgment [82]; Plaintiff's motion to stay [85] and Defendants' motion to dismiss [91].

**I.     Background**

    **A.     Procedural History**

Plaintiff, Steven B. Trainer, filed the instant § 1983 action against Defendants, Milton Nix, Garland Hunt, Ralph Battle, Garfield Hammonds, L. Gale Buckner, Robert Keller, Samuel Smith, Steve Baustin, Walt Davis, Thurmond Henderson, Tracy Masters, and LaQuandra Smith, on May 25, 2007, challenging the constitutionality of the Georgia State Board of Pardons and Paroles' decision to deny him parole. In his complaint, Plaintiff seeks a preliminary injunction to enjoin the Board members from using and retaining documents

that contain improper information; a declaratory judgment establishing his rights and the duties owed to him by the Board; equitable prospective injunctive relief; and damages of not less than $10,000 from each Defendant.

In an order dated December 4, 2007, the court set forth in great detail the allegations raised by Plaintiff in his complaint. In short summary, Plaintiff alleged that the Board improperly considered false information in his parole file; failed to adjust his tentative parole date based on reductions in his state court sentences; and retaliated against him for grievances filed by Plaintiff and his family alleging lack of proper medical treatment.

The court allowed Plaintiff's Due Process claim to proceed because Plaintiff alleged that the Board knowingly relied on false information in Plaintiff's parole file. Although questioning the basis for his claim, the court also allowed Plaintiff's Equal Protection and First Amendment claims to proceed on the same false information grounds and on the basis of retaliation for his family's grievances. Finally, Plaintiff's Ex Post Facto Clause claim moved forward on the allegation that the Board applied new rules and policies regarding Plaintiff's eligibility for parole.

The parties engaged in discovery and Defendants filed the instant motion for summary judgment. In response, Plaintiff filed several motions related to the discovery process. In an order dated February 19, 2009, the court denied Plaintiff's motion for an extension of time to complete discovery. The court also granted in part and denied in part

2

Plaintiff's four motions to compel. The court instructed Defendants to produce a privilege log of documents withheld from Plaintiff's parole file during discovery. The court instructed Plaintiff within thirty days of his receipt of the privilege log to notify the court and Defendants which documents he believed to be relevant to his discovery requests and the court would then conduct an in camera review of those documents. The court also instructed Defendants to produce certain additional documents to Plaintiff.

Since the entry of that order, the court has learned that Plaintiff has been released from prison. Because Plaintiff has been released, Defendants filed a motion to dismiss Plaintiff's claims for injunctive and declaratory relief as moot. Although Defendants have complied with the court's order of February 19, 2009 and produced a privilege log as well as certain additional documents, Plaintiff has not responded to this discovery as directed, nor has he responded to Plaintiff's motion to dismiss. The court notes that Defendants provided a certificate of service demonstrating that they mailed both their discovery responses and their motion to dismiss to Plaintiff at the New Jersey address Plaintiff provided in his change of address notice filed with the court. Because Plaintiff has not responded to Defendants' motions, the court deems them unopposed. *See* LR N.D. Ga. 7.1B ("Failure to file a response shall indicate that there is no opposition."). In any event, the court will consider the merits of Defendants' motions.

3

In the instant motion to stay, Plaintiff asks the court to delay consideration of Defendants' motion for summary judgment until the court resolves Plaintiff's motions to compel and Defendants produce additional documents. Because the court has ruled on the motions to compel and gave Plaintiff an opportunity to request in camera review of documents withheld on the basis of privilege, the court DENIES AS MOOT Plaintiff's motion to stay and moves to consideration of Defendants' motion for summary judgment.

**B.    Contentions**

In their motion to dismiss, Defendants contend that Plaintiff's claims for injunctive and declaratory relief are moot as Plaintiff has been paroled. In their motion for summary judgment, Defendants argue that Plaintiff's Ex Post Facto, equal protection, and due process claims are time-barred because Plaintiff learned on May 28, 2004, that his tentative parole date was set for February 2009, but Plaintiff did not file suit until 2007, more than three years after being notified of his tentative parole date. Defendants further contend that they have established via affidavit of Tracy Masters that the Board never applied the 90% guideline or its current guideline for robbery in Plaintiff's case. Defendants further aver that Plaintiff has failed to state a claim for retaliation because he cannot show that the members of the Board knew that any disciplinary report filed against Plaintiff was supposedly false. Further, the affidavit of Tracy Masters also shows that the Board's decision to set off Plaintiff's parole was made prior to the Board's receipt of the allegedly false disciplinary

4

report. Defendants also contend that Plaintiff has failed to come forward with any evidence raising an inference of discrimination as he has not established any similarly situated inmates. Thus, his equal protection claim fails. Defendants argue that Plaintiff's due process claim fails because Plaintiff has no liberty interest in parole. Finally, with respect to Plaintiff's damages claims, Defendants assert they are protected by quasi-judicial immunity as members and staff of the Board of Pardons and Paroles.

**II. Discussion**

**A. Motion to Dismiss**

The court agrees that because Plaintiff has been released on parole, his claims for injunctive and declaratory relief are moot. *See*, *e.g.*, *DeFunis v. Odegaard*, 416 U.S. 312 (1974) (holding lawsuit challenging admissions policy at law school mooted by fact of plaintiff's graduation from law school); *Adler v. Duval County School Board*, 112 F.3d 1475 (11th Cir. 1997) (challenge to school's policy on prayer at graduation ceremony mooted by graduation of plaintiffs; court noted "when the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury"). As such, the court GRANTS Defendants' motion to dismiss.

## B. Motion for Summary Judgment

In his complaint, Plaintiff also seeks compensatory damages in the form of at least $10,000 from each Defendant. In *Sultenfuss v. Snow*, 894 F.2d 1277 (11th Cir. 1990), *vacated and affirmed on other grounds after rehearing en banc*, 35 F.3d 1494 (11th Cir. 1994), the court held that "[w]e have long recognized that parole board members are entitled to quasi-judicial immunity from suits requesting damages based upon the decision to grant or withhold parole." *Id.* at 1278-79 (citing *Fuller v. Georgia State Bd. of Pardons & Parole*, 851 F.2d 1307, 1310 (11th Cir. 1988), and *Cruz v. Skelton*, 502 F.2d 1101, 1101-02 (5th Cir. 1974)). *See also Holmes v. Crosby*, 418 F.3d 1256, 1258-59 (11th Cir. 2005) (holding parole officer also entitled to quasi-judicial immunity); *Cleavinger v. Saxner*, 474 U.S. 193, 200-01 (1985) (noting that several federal appellate courts have held that state parole officers have absolute immunity). Therefore, the court GRANTS Defendants' motion for summary judgment with respect to Plaintiff's compensatory damages claims, leaving no claims remaining to adjudicate.

## III. Conclusion

The court GRANTS Defendants' motion for leave to file excess pages [81]; GRANTS Defendants' motion for summary judgment [82]; DENIES AS MOOT Plaintiff's motion to stay [85] and GRANTS Defendants' motion to dismiss [91].

6

The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaint.

**IT IS SO ORDERED** this 28th day of July 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)